GARRISON, Judge.
This is an appeal from a judgment of the district court granted October 1, 1982, finding that Dorothy Lawless Mortuary violated R.S. 37:846(A) by employing “an unlicensed person to perform the work of actual embalming”, that Larry Brown violated R.S. 37:848(A) by embalming without a license or certification levying a fine of $1,000.00 against Dorothy Lawless Mortuary Service and a fine of $300.00 against Larry Brown. From that judgment, which we affirm, plaintiff appeals.
On appeal, plaintiff raises two specifications of error:
1. The Board is without jurisdiction to hear the complaint because under the statute creating the Board, its domicile is Orleans Parish, but the Board has moved its offices to Jefferson Parish and retains no domicile in Orleans.
2. There was insufficient evidence to support the judgment.

I. Jurisdiction of the Administrative Hearing

The Louisiana State Board of Embalmers and Funeral Directors received a complaint about the Lawless Funeral *417 Home. In response thereto, the Board conducted an investigation and they convened an administrative hearing. The hearing was held at the Board’s office in Jefferson Parish at the Executive Towers Building, 3500 N. Causeway Boulevard, Suite 1232, Metairie, Louisiana. R.S. 37:833 provides as follows:
“The domicile of the board shall be the City of New Orleans, State of Louisiana, where and only where it may be sued.”
Plaintiff argues that under the statute cited above, administrative hearings held in parishes other than Orleans are invalid. We disagree. There exists a vast difference between an administrative hearing and a lawsuit. We note that the Board maintains several offices including one at 2241 Magazine Street in the Parish of Orleans. We additionally note that plaintiff filed suit in the Parish of Orleans, as per the statute cited above. We find the instant argument specious, frivolous and totally without merit. This ridiculous argument warrants no further discussion.
Turning to the second specification of error, there is overwhelming evidence that Larry Brown, an unlicensed individual, “embalmed” bodies. At the hearing he admitted to doing everything except an injection, cosmetics application, and aspirating the body. Specifically he has:
1. Made the initial incision
2. “Picked up” the veins
3. Filled and started the embalming machine
4. Turned off the embalming machine, removed the cannula from the artery and stitched the incision closed
In his statement, Brown admitted that he embalmed bodies and Don Ray Harris stated that he had seen Brown inject embalming fluids into the corpse. Fara Barnes also testified that she had seen Brown embalm bodies.
Dorothy Lawless’s testimony was that although she is at the Home everyday, she has absolutely no knowledge of anything that goes on in her business, including the hiring of unlicensed personnel to perform embalming services which, under the statute, can only be performed by licensed personnel. Additionally, she has failed to keep the required embalming logs and failed to supervise her employees in requiring their compliance with the embalming log requirement.
As the State has not filed an independent appeal, we cannot reinstate the full determination of the Board placing Dorothy Lawless on probation for one (1) year.
For the reasons discussed, the judgment of the district court is affirmed. All costs of appeal to be borne by plaintiff-appellant.
AFFIRMED.